LAWYERS TITLE AND GUARANTY COMPANY, Respondent, *v.* ADA CLAREN and Others, Defendants, Impleaded with SOL S. HAUBEN, Appellant.

Second Department, December 19, 1932.

*Sol S. Hauben,* for the appellant.

*Philip S. Dean* [*Clarence M. Lewis* with him on the brief], for the respondent.

SCUDDER, J.  Plaintiff, respondent, sued to foreclose a first mortgage of $16,000.  Defendant, appellant, Hauben, the second

mortgagee, interposed as a defense and counterclaim the payment by him of taxes, water rates and assessments amounting to $1,204.92 and $480 interest on first mortgage, in all $1,684.92, which amount he claims is a lien on the mortgaged premises prior to the lien of plaintiff's first mortgage. He specifically alleges in his answer that he paid these taxes and other sums to prevent a foreclosure of the first mortgage.

It is the defendant, appellant's contention that he is entitled to be subrogated to the lien, rights and remedies of the city of New York to the extent of the assessments, taxes and water rates advanced by him and amounting to the sum already mentioned, and he counterclaims a lien on the proceeds of the sale in foreclosure in such amount, and asks that such lien be adjudged as prior to the lien of the first mortgage.

There is no claim made that the payment of taxes, assessments and water rates by the second mortgagee to the city of New York was made pursuant to any understanding with the first mortgagee, or even that the first mortgagee had notice thereof.

It in no wise appears that the first mortgagee was in any respect responsible for the payment of these taxes, assessments and water rates. The responsibility for their payment rested upon the mortgagor alone.

Under his mortgage the second mortgagee — default in the payment of taxes having been made by the mortgagor — had two remedies: to foreclose his mortgage on account of the non-payment of taxes, or to pay the taxes and add them to the amount of his mortgage. The legal effect of what he has done is the latter.

It is well-settled law that subrogation cannot be invoked against a person who was not liable for the indebtedness which was discharged.

It seems that both the first and second mortgages which we are considering contained the usual tax clause.

The existence of this clause in the first mortgage was in effect a covenant by the mortgagor to pay the taxes, water rates and assessments, and the purpose of this was to effect the discharge of the liens incidental to such taxes in order to keep the first mortgage lien a first lien. Under the statute, the payment of the taxes discharges the lien. (Greater New York Charter [Laws of 1901, chap. 466], § 1017, added by Laws of 1908, chap. 490, as amd. by Laws of 1916, chap. 602; Id. § 1033, as added by Laws of 1908, chap. 490; Ash's Greater N. Y. Charter [5th ed.], pp. 822, 835.)

The second mortgagee seeks to subrogate the first mortgage to a tax lien, which his payment extinguished as a lien, notwithstanding that the tax so paid was not a debt of the plaintiff, the first mort-

gagee, but the debt of the owner, the mortgagor, who was under contract to pay it.

Under such circumstances, the volunteer cannot claim subrogation as against a person who was not liable for the indebtedness.

The order granting plaintiff's motion for judgment on the pleadings should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, TOMPKINS and DAVIS, JJ., concur.

On reargument, order granting plaintiff's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements.